ERIC W. SWANIS, ESQ.
Nevada Bar No. 6840
**GREENBERG TAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
Email: swanise@gtlaw.com

LORI G. COHEN, ESQ.*
*Admitted Pro Hac Vice*
**GREENBERG TAURIG, LLP**
3333 Piedmont Road NE, Suite 2500
Atlanta, Georgia 30305
Telephone:  (678) 553-2385
Email:  cohenl@gtlaw.com

CASEY SHPALL, ESQ.*
GREGORY R. TAN, ESQ.*
*Admitted Pro Hac Vice*
**GREENBERG TAURIG, LLP**
1144 15th Street, Suite 3300
Denver, Colorado 80202
Telephone: (303) 572-6500
Email:  shpallc@gtlaw.com
           tangr@gtlaw.com

C. WADE BOWDEN, ESQ.*
*Admitted Pro Hac Vice*
**GREENBERG TAURIG, LLP**
777 S. Flagler Drive, Suite 300
West Palm Beach, Florida 33401
Telephone: (561) 650-7900
Email:  bowdenw@gtlaw.com

*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| TOBIE RAYCHELLE WHIPPLE and KURT CHRISTENSEN,<br><br>                    Plaintiffs,<br><br>     v.<br><br>C. R. BARD, INCORPORATED and BARD PERIPHERAL VASCULAR, INCORPORATED,<br><br>                    Defendants. | CASE NO. 2:19-cv-01883-RFB-BNW<br><br>**STIPULATION TO EXTEND DISCOVERY AND PRE-TRIAL DEADLINES**<br><br>**(SEVENTH REQUEST)** |

1

ACTIVE 62616038v1

Come now, Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. ("Bard" or "Defendants") and Plaintiffs Tobie Raychelle Whipple ("Whipple") and Kurt Christensen ("Christensen") (collectively, Whipple and Christensen are referred to as "Plaintiffs"), by and through their undersigned counsel of record, pursuant to LR IA 6-2, and hereby stipulate that the discovery deadlines are extended by sixty (60) days as detailed below. This stipulation is entered into as a result of the following circumstances:

The parties have worked diligently to pursue all necessary discovery including *inter alia*: preparation and service of plaintiff and defense fact sheets, accompanying documents, and supplements thereto; the depositions of Ms. Whipple, Mr. Christensen, a Bard sales representative (Ms. Cerissa Ferguson), and several of Plaintiff's numerous medical providers; and the collection and production of a significant volume of medical records (Ms. Whipple has an extensive and complicated medical history). Despite the parties' best efforts, all necessary discovery has not yet been completed.

Obtaining medical records from and scheduling the deposition of one of Ms. Whipple's current and primary treating physicians, Dr. Dan Peterson of Sierra Internal Medicine, was significantly delayed due to his being in a significant motor vehicle crash resulting in multiple injuries including a severe concussion. As a result, Dr. Peterson missed at least one month of work which in turn delayed testing and interpretation of results on the Plaintiff Tobie Whipple. Additionally, Dr. Peterson had entered quarantine protocols due to COVID-19. Dr. Peterson's testing, interpretation, diagnosis and treatment are critical in this matter, and he has arranged for Ms. Whipple to be seen by specialist in a different field. Additionally, although he was scheduled to be deposed on January 28, 2022, that deposition is being postponed until after the parties' expert disclosures are served given that Dr. Peterson has been identified as a physician Plaintiffs intend to disclose as an expert witness.

Bard has actively worked to schedule – and in fact scheduled and begun taking - the depositions of several other medical providers. Bard will likely need to depose the specialist to whom Dr. Peterson has referred Ms. Whipple for additional evaluation.

Additionally, via written discovery Bard has sought copies of documents relating to Ms. Whipple's various disability claims (workers' compensation, private disability and Social Security

2

*ACTIVE 62616038v1*

Administration), and Plaintiffs have produced a number of responsive documents. However, the production appears to be incomplete (through no fault of Plaintiffs). The parties are working together to complete the receipt and production of those key documents relating to Ms. Whipple's prior and current medical conditions and their impact on her physical abilities.

Finally, Plaintiffs' counsel who has been involved in the IVC filter litigation against Bard at a national level for years, Ramon Lopez, Esq., has been recently undergoing significant and physically-taxing medical treatment. As a result, his schedule has been impacted.

In light of the foregoing, the parties respectfully submit that good cause exists for this extension. The parties must complete fact discovery, which has been hampered as noted above, in order for their expert witnesses to appropriately complete their analyses and reports. The parties have been diligent in conducting discovery to date. Additionally, the extension will allow the parties to explore settlement discussions.

Pursuant to Federal Rules of Civil Procedure 6(b) and 26, and the Court's inherent authority and discretion to manage its own docket, this Court has the authority to grant the requested extension. Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time the court may, for good cause, extend the time..."); Fed. R. Civ. P. 26(a) ("A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending...The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."). Furthermore, Federal Rules of Civil Procedure 26(c) and 26(d) vest the Court with authority to limit the scope of discovery or control its sequence. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery.").

This Court has broad discretion to extend deadlines or stay proceedings as incidental to its power to control its own docket – particularly where, as here, such action would promote judicial economy and efficiency. *Bacon v. Reyes*, 2013 U.S. Dist. LEXIS 143300, at *4 (D. Nev. Oct. 3, 2013) (citing, *Munoz-Santana v. U.S. I.N.S.*, 742 F.2d 561, 562 (9th Cir. 1984)) "Whether to grant a stay is within the discretion of the court"); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) ("A district court has discretionary power to stay proceedings in its own court."); *Landis v. N. Am.*

ACTIVE 62616038v1

1  *Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent
2  in every court to control the disposition of the causes on its docket with economy of time and effort
3  for itself, for counsel, and for litigants.").

4        The parties respectfully stipulate and request that this Court modify the Stipulated Discovery
5  Plan and Scheduling Order., Dkt. 56, as follows (modifications shown in bold):

| PROPOSED DATE | DEADLINE |
|---|---|
| January 17, 2020 | Parties shall exchange Rule 26(a) Initial Disclosures.<br>Plaintiff shall include a list of medical providers for the period of time from ten years before placement of the Bard filter to the present.<br>Defendants shall produce standard medical and other records release authorizations to be completed and signed by Plaintiffs. |
| April 16, 2020 | Last day to Amend Pleadings and/or Add Parties. |
| May 14, 2020 | Plaintiff shall produce the completed Plaintiff Fact Sheet and related information utilized in the *In re: C. R. Bard, Inc. IVC Filter MDL*, attached as Exhibit A.<br>Plaintiff shall produce the completed and signed standard medical and other records release authorizations covering the period of time from ten years before placement of the Bard filter to the present. |
| June 11, 2020 | Defendants shall produce the completed Defendant's Fact Sheet and related information utilized in the *In re: C. R. Bard, Inc. IVC Filter MDL*, attached as Exhibit B. |
| **April 29, 2022** | **Non-Expert Discovery in this action shall be completed.** |
| **June 25, 2022** | **Last day for disclosing Expert reports.** |
| **August 26, 2022** | **Last day for disclosing Rebuttal Expert reports.** |
| **October 21, 2022** | **Expert Discovery in this action shall be completed** |
| **December 23, 2022** | **Deadline to file Daubert motions and other dispositive motions.** |

21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

4

**IT IS SO STIPULATED.**

DATED this 7th day of February 2022.

| | |
|---|---|
| **BRADLEY, DRENDEL & JEANNEY, LTD**<br>By: /s/ *Bill Bradley, Jr.*<br>    BILL BRADLEY, JR., ESQ.<br>    6900 South McCarran Blvd.<br>    Reno, NV 89509<br>    bbradley@bdjlaw.com<br><br>RAMON ROSSI LOPEZ, ESQ.<br>**LOPEZ MCHUGH LLP**<br>100 Bayview Circle, Suite 5600<br>Newport Beach, CA 92660<br>Email: rlopez@lopezmchugh.com<br><br>*Counsel for Plaintiffs* | **GREENBERG TRAURIG, LLP**<br>By: /s *Eric W. Swanis*<br>    ERIC W. SWANIS, ESQ. (NSB 6840)<br>    10845 Griffith Peak Drive, Suite 600<br>    Las Vegas, Nevada 89135<br>    Email: swanise@gtlaw.com<br><br>LORI G. COHEN, ESQ.*<br>**Admitted Pro Hac Vice*<br>**GREENBERG TRAURIG, LLP**<br>3333 Piedmont Road NE, Suite 2500<br>Atlanta, Georgia 30305<br>Email: cohenl@gtlaw.com<br><br>CASEY SHPALL, ESQ.*<br>GREGORY R. TAN, ESQ.*<br>**Admitted Pro Hac Vice*<br>**GREENBERG TRAURIG, LLP**<br>1144 15th Street, Suite 3300<br>Denver, Colorado 80202<br>Email: shpallc@gtlaw.com<br>        tangr@gtlaw.com<br><br>C. WADE BOWDEN, ESQ.*<br>**Admitted Pro Hac Vice*<br>**GREENBERG TRAURIG, LLP**<br>777 S. Flagler Drive, Suite 300<br>West Palm Beach, Florida 33401<br>Email: bowdenw@gtlaw.com<br><br>*Counsel for Defendants* |

## ORDER

Good cause shown, IT IS ORDERED that ECF No. 63 is GRANTED.

IT IS FURTHER ORDERED that the parties are to provide a joint status report by 2/28/2022 indicating: (1) when the needed documents to properly depose Dr. Peterson are expected to be received, and (2) when the remaining discovery regarding Ms. Whipple's disability claims will be turned over to the Defense.

IT IS FURTHER ORDERED that the hearing regarding ECF No. 63 set for 2/22/2022 is VACATED.

IT IS SO ORDERED

DATED: 12:56 pm, February 16, 2022

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

ACTIVE 62616038v1

5

**CERTIFICATE OF SERVICE**

I hereby certify that on **February 7, 2022**, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive such service.

                                                                        */s/ Shermielynn Irasga*
                                                          An employee of GREENBERG TRAURIG, LLP

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive
Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

ACTIVE 62616038v1